Haynes, J.
This was an action brought upon what is known as an oil and gas lease to recover certain stipulated rentals. The case was very much of the same character as the lease referred to in the case of The Ohio Oil Company v. McCrory, just now decided by Judge King, and I shall not go over the ground again. There is, perhaps, a little difference in the phraseology of this lease in that they use the word “utilizing,” but I don’t think there is any great difference in the legal force of the two papers.
The truth is, and the whole case lies in a nut-shell — ■ that there are two classes of property provided for in these leases. One is an oil well, and the other is a gas well, and it is pretty difficult for them to exist at the same time, and be paying property. That is to say: if oil is found, the gas is pratically gone from the well as far as burning in houses is concerned, though it may be used around the boiler for pumping the wells. In these two classes of property, the general provision of the lease is that if a lessee gets one class, he is to pay a certain rental, usually so much *316 for each gas well; and if he gets the other, so much royalty for each well. In each of these cases, the parties had wells sunk on the premises, and are receiving the royalty right along. In each case they found a little gas, and in this case they used the gas for running the boilers on the premises, but to say in either case that the well was a “gas well” in the general sense, would be a misnomer.
James & Beverstock, Attorneys for Plaintiff.
■Boss & Kinder, Attorneys for Defendant.
When the testimony closed, the court instructed the jury to return a verdict in favor of the defendant, and in doing that, we think the court did just what it ought to have done, and the judgment will be affirmed.